## Monessen v. Belmar Land Development Co., Inc., and National Development Corporation.

Argued June 3, 1971, before President Judge BOWMAN, and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER and ROGERS. Judge MANDERINO disqualified himself.

*Albert C. Gaudio,* for appellant.

*Jerome M. Libenson,* with him *David W. Craig, Harold Gondelman,* and *Baskin, Boreman, Wilner, Sachs, Gondelman & Craig,* for appellees.

OPINION BY JUDGE ROGERS, July 9, 1971:

This appeal by the City of Monessen is from a summary judgment in mandamus commanding the appropriate city officials to issue building permits, accept bond and permit recording of subdivision plans for a low income housing development.

Belmar Land Development Company, Inc. and National Development Corporation, appellees, are respectively owner and developer of a parcel of land located in an R-1 one-family residence district established by the zoning ordinance of the City of Monessen enacted in the year 1960. Among the uses permitted in the R-1 district is a conditional use for large-scale multiple-family housing development upon approval of the city planning commission after public hearing. After meet-

ings with city council, the city planning commission and the zoning hearing board, the appellees applied to the planning commission for and, on March 25, 1969, received approval of conditional use of their land for multiple-family housing, consisting of eight apartment structures containing a total of about two hundred housing units. Appellees required and obtained from the zoning hearing board variances from lot area, set back, building separation and yard requirements, some by decision of that board and others by reason of its failure to render a decision within 45 days. The planning commission also specifically approved the site plan as required by the zoning ordinance and the subdivision plan pursuant to city subdivision regulations. Having then obtained all approvals required by municipal regulations, the appellees applied to the zoning administrator for building permits. These were refused pursuant to instructions of the mayor and city council. Appellees filed their complaint in mandamus, affidavits and a motion for summary judgment pursuant to Rule of Civil Procedure 1098. The defendants, the zoning administrator, the mayor and councilmen of Monessen, answered the complaint and the motion. The court entered the summary judgment requested and thereafter dismissed the city's exceptions and motion to open.

On this appeal the city raises three issues.

I. Without citing appellate authority, it contends that summary judgment should not have been entered because the pleadings developed controverted issues of fact. Reading the pleadings shows that the material facts are undisputed. Indeed, the city's brief is disingenuous on this point. It informs us that it denied the immaterial averment that there had been meetings of appellees with city council. Its answer to this averment denies that there had been meetings at which appellees requested council approval of conditional uses

or variances. Again the brief tells us that the city had denied that city council had instructed the building officer not to issue permits; in fact the answer admits that city council instructed the building officer to refuse a permit "until all of the legal ramifications . . . have been satisfied." The other asserted denials relate to conclusions of law or are ineffective general denials, the intended implications of which are revealed as untrue by exhibits to the affidavits filed with the motion for judgment. The appellees' complaint, the city's answer and the affidavits filed with the motion for judgment establish that the appellees performed all of the acts and received all of the official approvals prerequisite to obtaining a building permit. The planning commission as it alone was authorized to do had approved the use and the plan and the zoning hearing board had granted variances as to all nonconforming conditions.

II. The city contends that the provision of its ordinance empowering the planning commission to approve conditional uses is invalid as not authorized by statute. *Village 2 at New Hope, Inc. Appeals,* 429 Pa. 626, 241 A. 2d 81 (1968), held that under the borough zoning enabling statute the municipality might vest authority to approve the details of a planned unit development in a planning commission. The provisions of the borough enabling act there involved was in all material respects identical with those in the Third Class City Code, with which we are here concerned. Act of 1931, June 23, P. L. 932, Section 4101, 53 P.S. 39101. Hence, Monessen city's provision conferring approval power in the case of conditional uses upon its planning commission was valid. The only question remaining is the effect, if any, upon this provision of Section 603(4) of the Pennsylvania Municipalities Planning Code, 1968, July 31, P. L.     , No. 247, Article VI, 53 P.S. 10603, which provides that zoning or-

dinances "may contain . . . (2) provisions for conditional uses to be allowed or denied by the governing body after recommendations by the planning agency, pursuant to express standards and criteria set forth in the ordinances." The Pennsylvania Municipalities Planning Code, by Section 1201(3) of Article XII, 53 P.S. 11201(3), expressly repealed the Third Class City Code zoning enabling provisions. On the other hand, it saved ordinances enacted previous to January 1, 1969, its effective date, by two provisions. Section 103 of Article I, 53 P.S. 10103, reads ". . . All ordinances, resolutions, regulations and rules made pursuant to any act of assembly repealed by this act shall continue in effect as if such act had not been repealed." Section 620 of Article VI, 53 P.S. 10620, relating specifically to zoning, provides: "The passage of this act and the repeal by it of prior enabling laws relating to zoning ordinances shall not invalidate any zoning ordinance enacted under such prior enacted enabling laws. This Act shall, in such respect, be deemed a continuation and codification of such prior enabling laws."

We hold, therefore, that the provision for planning commission approval of a conditional use contained in the Monessen Zoning Ordinance was valid, that it was saved from repeal by the Pennsylvania Municipalities Planning Code, that there was no requirement under the law for city council approval of this project and that the appellees had established a clear right to summary judgment in mandamus.

III. The city's contention that the planning commission's approval of the conditional use was ineffective because not rendered within a forty day period from the date the application was made as required by the zoning ordinance is without merit. A reading of the provision in context shows that it is clearly directory and that its only purpose is to expedite commission

action for the accommodation of applicants. *See Lime-kiln Golf Course, Inc. v. Zoning Board of Adjustment of Horsham Township*, 1 Pa. Commonwealth Ct. 499, 275 A. 2d 896 (1971).

These conclusions make it unnecessary for us to comment upon the standing of the city to assert the illegality of its own ordinance as a ground for denying permits to applicants who have faithfully performed all things the ordinance prescribes as conditions to the issuance of such permits.

Decree affirmed.