## Joseph A. Puleo & Sons, Inc. *v.* Borough Council of Phoenixville, et al.

Argued October 4, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Allan B. Greenwood,* for appellants.

*George M. Painter, III,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., January 4, 1973:

The Borough Council of Phoenixville appeals the order of the Court of Common Pleas of Chester County which directed the Borough to approve a subdivision plan of a certain tract of land submitted by Joseph Puleo & Sons, Inc.

Puleo had submitted an application to the Borough's Planning Commission on October 15, 1970 to get approval of a plan to subdivide certain property there. On November 24, 1970, which was the fortieth day after the submission of the application, Council re-

jected the application. At that meeting at least one of the shareholders of the applicant corporation was present. On December 1, 1970 the Borough Manager sent a letter to the applicant notifying it of the decision dated November 24th.

In that posture Puleo proceeded in mandamus praying to compel the approval of its plan and the issuance of a building permit. The gravamen of the complaint was that the governing body had failed to act on the application within the statutorily prescribed time and further that it ignored the statutorily prescribed procedure, which would have the effect of allowing by default which he might have prevented by positive action. The Court of Common Pleas of Chester County agreed. This is why they are here.

At the outset, let us review Section 508 of Act 247 of the Municipalities Planning Code[1] which provides: "All applications for approval of a plot . . . whether preliminary or final, shall be acted upon by the governing body within such time limits as may be fixed in the subdivision and land development ordinance but the governing body shall render its decision and communicate it to the applicant not later than forty days after such application is filed. (1) The decision of the governing body shall be in writing and shall be communicated to the applicant personally or mailed to him at his last known address not later than five days following the decision; . . . (3) Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application in terms as presented unless the applicant has agreed in writing to an extension of time or change in the prescribed manner of presentation of communication of the decision. . . ."

---

[1] Act of July 31, 1968, No. 247, Art. V, §508, 53 P.S. §10508.

The Borough here argues that (1) the fact that a shareholder was present at the Borough Council meeting on November 24 when the subdivision plan was rejected is sufficient to satisfy the statute's mandate that any decision be communicated to the applicant; (2) that the presence of the shareholder when the decision was rendered acts as personal notice to the corporate applicant; (3) that written notice was given the corporate applicant by the letter sent on December 1, 1970; and (4) that since personal notice was received at the time of the decision, written notice within five days of the decision was not required.

These contentions have no merit and so the decision and order of the lower court must be affirmed.

The Borough here did not comply with the procedures mandated by the statute. Look to the first paragraph of §508 which provides that the Borough must make a decision and communicate it to the applicant not later than forty days after the application has been filed. Subsection (1) of §508 defines the method to be used in rendering the decision. This requires (1) that the decision be in writing and (2) that it be communicated to the applicant personally or mailed to him not later than five days after the decision. *Both* requirements must be met in order to meet the directive of the statute.

It may be said that some ambiguity arises because subsection (1) of §508 reads that the decision must be communicated personally or mailed to the applicant not later than five days after the decision, but this does not mean that a governing body may, for example, wait until the fortieth day to make a decision and then wait five more days to either personally communicate or mail a copy of the decision to the applicant. We say that the first paragraph of §508 unequivocally commands the decision be communicated to the applicant

not later than forty days after the *filing* of the application.

Clearly then, in situations where the time limitation has nearly expired, any decision made by the governing body must be communicated to the applicant, either by personal contact or by mailing on or before the fortieth day. The five day limitation of subsection (1) is applicable to situations where a decision is made soon after the submission of the application. It does not mean that the governing body has five extra days to communicate its decision.

Now, let us look to the reason for the requirement in subsection (1). We say that an exact copy of the decision should be available which may be used for reference in case of dispute. The only meaningful purpose of command notice is to alert interested parties to the result and to give them sufficient and consequential basis for disagreement and appeal. With word in writing, there is less misunderstanding. This conclusion is bolstered by the fact that in other sections of the Act the Legislature actually used the word "delivered" when it meant that a copy of a decision was to actually be delivered to an applicant. See 53 P.S. §10908(10).

Before us now in its factual array we see: Firstly, there was no decision in writing until at least December 1, 1970 which was too late.[2] Secondly, a shareholder being present at the council meeting does not provide sufficient notice or communication of the decision to the *corporate applicant* in these circumstances. Nothing in the record or in the Borough's allegations shows that this person was anything more than a shareholder much less one who was charged with the responsibility

---

[2] The fact that Thanksgiving fell in between November 24 and December 1 is of no help to the Borough. Sunday being the last day is a slim reed, November 30th is the tale-telling time.

of communicating this decision to the corporation. Notice to a shareholder is not notice to the corporation. A corporation to be charged with responsibility of knowing must delegate a responsibility to its minion to observe and report the proceedings. *Schulman, Inc. v. Baer Co.*, 197 Pa. Superior Ct. 429, 178 A. 2d 794 (1962). A line of cases tells us that notice to an individual corporator or a director is not notice to the corporation if he had no duty to relay notice to the corporation. *Custer v. Tompkins County Bank,* 9 Pa. 27 (1948). See *P.L.E. Corporations* §343.

Failing production of competent evidence that the corporators assigned a person and/or shareholder or director to hear and relate the decision to the corporate officers, the Borough has not met its burden of showing notice within the meaning of this Act.

The decision of the Borough Council was never properly communicated to the applicant on or before the fortieth day within the meaning of §508 and the written decision sent by mail on December 1, 1970, was not within the time limit imposed by the statute. Failure to communicate the decision within the time and in the manner required results in automatic approval of the plan. §10508(3). Accordingly, the order of the lower court is affirmed.