## Russell *v.* Penn Township Planning Commission, et al.

430

Argued March 5, 1973, before President Judge Bow-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Lee A. Montgomery*, with him *Galbreath, Braham, Gregg, Kirkpatrick, Jaffe & Montgomery*, for appellants.

*Leo M. Stepanian*, with him *Brydon & Stepanian*, for appellee.

OPINION BY JUDGE BLATT, April 12, 1973:

This case comes before us engulfed in somewhat of a procedural morass. John E. Russell (Russell) is the owner of a 122 acres tract of land located in Penn Township (Township). Russell decided that he wished

to use this tract of land as a mobile home park and submitted an application for a conditional use to the Township Planning Commission for its consideration. The Township Zoning Ordinance permits mobile home parks as a conditional use anywhere in the Township and establishes specific standards which an applicant must meet. Such uses will be permitted *"by the Township Supervisors* after a public hearing, report, and recommendation by the Planning Commission. . . ." (Emphasis added.)

Although §1202-1 of the Zoning Ordinance specifically requires the Planning Commission to hold a hearing on any application for the approval of a conditional use, the Planning Commission held no hearing but merely rejected Russell's application because his plans "did not comply with the Land Sub-Division Laws and Zoning Ordinances of Penn Township." Instead of presenting his application to the Township Supervisors, as provided in the Zoning Ordinance, or bringing an action in mandamus to force the Planning Commission to abide by that Ordinance and hold a hearing, Russell filed an appeal with the Court of Common Pleas of Butler County from the Planning Commission's refusal to grant a conditional use. That court issued an order on August 4, 1970 requiring the Planning Commission to hold a hearing on Russell's application within 45 days and to render a final decision, including findings of fact and conclusions of law, within 30 days after the hearing. The court further provided that any party aggrieved by the final decision of the Planning Commission could appeal directly to that court.

On September 4, 1970, the Planning Commission held the required hearing and on November 4, 1970, 61 days later, the Planning Commission rejected Russell's application in a letter addressed to the lower court. Formal findings of fact were not filed until January

21, 1971. Russell renewed his appeal to the lower court and that court then held a further hearing on his application. On July 5, 1972, the lower court issued an opinion and order holding that the failure of the Planning Commission to file its report until 61 days after the date of its hearing violated the 45-day rule of Section 908(9) of the Pennsylvania Municipalities Planning Code (hereinafter MPC), Act of July 31, 1968, P. L. 805, 53 P.S. §10908(9). The court held, therefore, that the Planning Commission was deemed to have approved Russell's application and it was ordered to approve the application as filed. We must reverse.

At the time in question,[1] Section 908(9) of the MPC read as follows: "The *board or the hearing officer,* as the case may be, shall render a written decision or, when no decision is called for, make written findings on the application within forty-five days. Each decision shall be accompanied by findings of fact and conclusions based thereon together with the reasons therefor. Conclusions based on any provisions of this act or of any ordinance, rule or regulation shall contain a reference to the provision relied on and the reasons why the conclusion is deemed appropriate in the light of the facts found. If the hearing is conducted by a hearing officer, and there has been no stipulation that his decision or findings are final, the board shall make his report and recommendations available to the parties and the parties shall be entitled to make written representations thereon to the board prior to final decision or entry of findings. Where the board has power to render a decision and the board or the hearing officer, as the case may be, fails to render the same within the period required by this clause, the decision

---

[1] Section 908 has been amended by the Act of June 1, 1972, P. L.    , No. 93, §908. This amendment, even if applicable to this case, made no change which would affect our decision on this issue.

shall be deemed to have been rendered in favor of the applicant." (Emphasis added.) Section 901 of the MPC, 53 P.S. §10901, states: "As used in this act, unless the context clearly indicates otherwise, the term 'board' shall refer to such zoning hearing board." A "hearing officer" is a member of the board appointed by the board to hold hearings. Section 908(2) of the MPC, 53 P.S. §10908(2). We realize that the actions of the Planning Commission constitute the type of delaying tactics which the 45-day rule was intended to obviate, but there is simply no provision in Section 908(9), or elsewhere in the MPC, which would apply the 45-day rule to a planning commission. The lower court erred by so doing. Section 1202-2 of the Zoning Ordinance does require the Commission to make its findings and determination within 40 days of the date of the filing of an application, but unlike Section 908 of the MPC it makes no provision as to what will occur if the Planning Commission fails to act within the required time.

The lower court also erred by accepting this "appeal" in the first instance, or at least by doing anything other than ordering the Planning Commission to hold a hearing on Russell's application. Section 603 of the MPC, 53 P.S. §10603, provides that conditional uses may "be allowed or denied *by the governing body* after recommendations by the planning agency, pursuant to express standards and criteria set forth in the ordinances. . . ." (Emphasis added.) Unlike the situation in *Monessen v. Belmar Land Development Co., Inc. and National Development Corporation,* 2 Pa. Commonwealth Ct. 484, 279 A. 2d 365 (1971), this Zoning Ordinance clearly complied with the provisions of Section 603. The Planning Commission is required to hold a hearing on an application for a conditional use and thereafter to make recommendations to the

Township Supervisors, and it is their duty to make the actual decision as to the approval or disapproval of the conditional use. Russell failed to proceed to a final determination on his application by the Township Supervisors before applying to the courts. This may be understandable, of course, in view of the inexcusable refusal of the Planning Commission to hold a hearing on Russell's initial application although clearly mandated by the Zoning Ordinance to hold such a hearing. Still, it was an error on the part of the lower court to act at the time as it did.

To avoid requiring Russell to reapply for his conditional use, we will treat the findings made by the Planning Commission, in response to the court's order of August 4, 1970, as the findings and determination required by the Zoning Ordinance and direct that the matter now be submitted to the Township Supervisors for their determination. If their action is adverse to Russell, he may, of course, seek further relief as provided by the MPC. In addition, he is not precluded from raising his challenges to the validity of the Zoning Ordinance by initiating any other type of proceeding which may be authorized by the MPC.

We reverse the order of the court below and remand the record to that court for further proceedings consistent with this opinion.