Township of Montgomery, Appellant, *v.* Market Center Realty Co., Appellee.

450

Argued December 5, 1973, before Judge CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

*William R. Cooper*, with him *Stewart J. Greenleaf*, for appellant.

*Leonard Dubin*, with him *John P. Knox, Timony, Knox, Avrigian & Hasson* and *Blank, Rome, Klaus & Comisky*, for appellee.

OPINION BY JUDGE CRUMLISH, JR., March 22, 1974:

This appeal is from an order of the Court of Common Pleas of Montgomery County which directed Montgomery Township (Appellant) to consider the shopping center development application filed by Market Center Realty (Appellee) approved because it was not decided within ninety days of its filing as mandated by Section

508 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P. L. 805, as amended, 53 P.S. §10508.

In reviewing the record, we find the following chronology of events which led to the controversy. Appellee, as equitable owner of a 44 acre tract of land in Montgomery Township zoned "S" Shopping Center, filed an initial development plan on November 26, 1971, which proposed to build a shopping center on 29.8 acres. After numerous hearings, Appellant denied the application on April 3, 1972. A second application then was filed by Appellee on May 30, 1972, which was denied, without further hearings, on July 3, 1972.

Timely appeal was taken to the Court of Common Pleas of Montgomery County pursuant to Section 1006 (1)(a) of the MPC from this second rejection. On November 8 and 9, 1972, Judge CIRILLO conducted a hearing at which Appellee introduced additional evidence intended to meet the objections of the Township relative to the development plan's provision for a traffic, drainage and screening. After hearing one witness, however, the Court remanded the case to the Board of Supervisors to reconsider the application on the basis of this additional evidence and accommodations submitted by Appellee.

Despite the court's directive that hearings on this remand be conducted "as soon as practically possible," only one hearing was held before Judge CIRILLO issued a supplemental order on January 10, 1973, that hearings begin January 19, 1973, and continue daily until a decision was rendered. Three hearings were conducted by the Board of Supervisors from January 16th to February 1, 1973. The Supervisors rejected the plan on April 15, 1973, or shortly thereafter. Written notice of this decision, as formalized by a resolution adopted by the Supervisors on May 6, 1973, and certified to the court below on May 8, 1973, was not communicated

to Appellee until May 11, 1973. On May 22, 1973, Judge CIRILLO ordered the application approved and building permits issued because the Supervisors had failed to render its decision within ninety days of its last hearing. From this order, the Township appeals. We affirm.

The focus of Appellant's argument on appeal is whether the ninety day "deemed" decision rule of Section 508 has any application following a remand by a court of common pleas to a board of supervisors for the purpose of taking additional evidence and reconsidering its denial of a development plan. We do not reach that issue here.[1] Appellant's admitted failure to notify Appellee of its denial of its application within five days of the Board's decision is in itself sufficient to satisfy us that the lower court must be affirmed.[2]

Section 508 of the MPC provides in pertinent part:

"Approval of Plots—All applications for approval of a plot (other than those governed by Article VII), whether preliminary or final, shall be acted upon by the governing body or the planning agency within such time limits as may be fixed in the subdivision and land development ordinance but the governing body or the planning agency shall render its decision and communicate it to the applicant not later than ninety days after such application is filed.

---

[1] We do not rest our decision on Appellant's failure to render a decision within 90 days of the remand of the application because Appellant may have been misled by the lower court's refusal to set a date within which to render a decision though specifically requested to do so by Appellee.

[2] Although the decision of the court below was not based on this issue, it was properly raised by Appellee herein as an additional reason to sustain the result reached by Judge CIRILLO. See *Concord Township Appeal*, 439 Pa. 466, 268 A. 2d 765 (1970) ; *Ridley Township v. Pronesti*, 431 Pa. 34, 244 A. 2d 719 (1968) ; *Sherwood v. Elgart*, 383 Pa. 110, 117 A. 2d 899 (1955).

"(1) The decision of the governing body or the planning agency shall be in writing and *shall be communicated to the applicant personally or mailed to him not later than five days following the decision*;

"(2) When the application is not approved in terms as filed the decision shall specify the defects found in the application and describe the requirements which have not been met and shall, in each case, cite to the provisions of the statute or ordinance relied upon;

"(3) *Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application in terms as presented unless the applicant has agreed in writing to an extension of time or change in the prescribed manner of presentation of communication of the decision,* in which case, failure to meet the extended time or change in the manner of presentation of communication shall have like effect." 53 P.S. §10508. (Emphasis added.)

In *Joseph A. Puleo & Sons, Inc. v. Borough Council of Phoenixville,* 7 Pa. Commonwealth Ct. 248, 298 A. 2d 658 (1973), we considered the parameters of the notice and communication requirements of Section 508 before it was amended in 1972.[3] The applicant in *Puleo, supra,* had submitted a subdivision plan to the borough planning commission on October 15, 1970. The borough council rejected the plan on November 29, 1970 (the 40th day after its submission), and notification of the decision was mailed seven days later. In affirming the lower court's order that the plan be approved, we said: "Subsection (1) of §508 defines the method to be used

---

[3] The only substantive change to Section 508 effected by the 1972 amendment, Act of June 1, 1972, P. L.    , No. 93, §508, was to expand from 40 to 90 days the time in which a decision must be rendered. The five day communication rule of §508(1) is unchanged.

in rendering the decision. This requires (1) that the decision be in writing, and (2) that it be communicated to the applicant personally or mailed to him not later than five days after the decision. *Both* requirements must be met in order to meet the directive of the statute." (7 Pa. Commonwealth Ct. at 251, 298 A. 2d at 659.

Here, Appellee did not consent to a modification of the notice or communication requirements of Section 508 following the remand of its application. Since Appellant admits that the Board of Supervisors reached a decision on April 15, 1973, or shortly thereafter, and a written decision was not mailed until May 6, 1973, Section 508 mandates that the application be deemed approved. Appellant would have us distinguish *Puleo* and the clear mandate of Section 508 on the grounds that they do not apply on a remand. To accept such a contention, however, overlooks that the remand in the instant case was intended as a reapplication and generally would leave a board of supervisors or other governmental body considering such applications without standards when directed to reconsider an application on the basis of additional evidence submitted on remand. The obvious result would be intentional or negligent delay and footdragging by township officials intended to be obviated by Section 508. *See Gettys v. Dillsburg Borough Council*, 7 Pa. Commonwealth Ct. 519, 300 A. 2d 805 (1973).

Appellant refers us to *Russell v. Penn Township Planning Commission*, 8 Pa. Commonwealth Ct. 429, 302 A. 2d 870 (1973), wherein we held the 45 day rule of Section 908(9) of the MPC did not apply to a planning·commission's reconsideration of a conditional use application on a remand. *Russell* is distinguishable, however, as there is no time limitation on the action of the planning commission in the MPC, whereas Section

508 here clearly dictates Appellant's modus operandi in disposing of the instant development plan.

Order affirmed.