## Phillips v. Souderton Borough Council

*Marc D. Jonas,* for plaintiffs.
*Robert G. Bricker,* for defendant.

NICHOLAS, *J.,* February 27, 1980—Plaintiffs Melvin L. Phillips and Jeanette Phillips, husband and wife, are owners of premises at 204 Wile Avenue, Borough of Souderton, which is zoned R-2 Residential. Plaintiffs submitted an application to the zoning hearing board for a special exception or variance to permit them to continue to operate a small appliance repair shop on the premises. The zoning hearing board heard the matter on March 26, 1979 and by opinion and order dated April 27, 1979 denied plaintiffs' application. Plaintiffs then took an appeal to the Court of Common Pleas of Montgomery County which appeal is indexed at number 79-9837 and is still pending.

On June 21, 1979 plaintiffs filed a motion for presentation of additional evidence and on the same date, after a conference with the court, the Honorable William W. Vogel entered an order remanding the matter to the Souderton Borough Zoning Hearing Board "for the taking of additional evi-

dence; The testimony to be presented at the said hearing to be confined by applicants as to the history, nature, and extent of the use of the premises as a television repair shop. Neighbors petitions, but no testimony, to be received."

The zoning hearing board took additional testimony on August 13, 1979 and the record was thus completed.

On October 2, 1979 the board issued supplemental findings of fact, re-affirmed its earlier decision denying the application, and returned the same to the court along with the record of the proceedings.

On October 23, 1979 plaintiffs filed the instant complaint in mandamus against Souderton Borough Council alleging that the borough failed to meet the statutory requirements of section 908(9) of the Pennsylvania Municipalities Planning Code of July 31, 1968, P.L. 805, 53 P.S. § 10908(9). Plaintiffs contend that they are entitled to a decision in their favor by reason of section 908(9) because the board failed to render a decision within 45 days after the last hearing before the board. They urge that 45 days from the last hearing on August 13, 1979 was September 27, 1979 and that, thus, the board's supplemental findings dated October 2, 1979 came five days too late.

The issue thus presented is whether section 908(9) of the Pennsylvania Municipalities Planning Code requires a Zoning Hearing Board to issue a written decision within 45 days of the last hearing when that hearing was ordered by the court of common pleas, following appeal, with a limited purpose of "the taking of additional evidence?" We conclude that the answer is no and that plaintiffs are not entitled to a "deemed" approval upon these facts.

It is to be observed that the initial decision by the board denying plaintiffs' application and from which the appeal was taken to court, was well within the time requirements of section 908(9). The hearing of August 13, 1979 upon remand by the court, was requested by plaintiffs and was authorized and conducted under the statutory dictates of section 1010 of the Pennsylvania Municipalities Planning Code, 53 P.S. §11010, which explicitly authorizes the court, in its discretion, to remand the case to the board for the presentation of additional evidence. As such, the remanded hearing was not for the purpose of reconsideration or reapplication but was limited as indicated and was granted as an accommodation to plaintiffs so that they could present a more complete record on appeal. As such, we conclude that the hearing of August 13, 1979 should not be treated as one within the purview of section 908(9) requiring a written decision or findings within 45 days of the hearing. Judge Vogel's remand order of June 21, 1979 carefully and specifically limited the scope of the testimony to be presented by plaintiffs and clearly stated that the purpose of the hearing was limited. The remand language is thus readily distinguishable from that which appeared in Township of Montgomery v. Market Center Realty Company, 12 Pa. Commonwealth Ct. 449, 317 A. 2d 317 (1974). In the latter case the appellee had applied to the township for approval of a shopping center development plan. After numerous hearings, the township denied the application and appellee appealed to the court of common pleas which, after hearing one witness, remanded the case to the Board of Supervisors "to re-consider the application" on the basis of the additional evidence presented. The township violated

the court's directive that hearing be conducted "as soon as practically possible" and failed to notify the owner of the denial of the application within five days of the board's decision. This court (per Cirillo, J.) ordered the application approved and building permits issued because the supervisors had failed to render a decision within 90 days of the last hear- ing as required by section 508 of the Municipalities Planning Code, 53 P.S. §10508. Pertinently, the Commonwealth Court stated at 12 Pa. Common- wealth Ct. 449, 452, 317 A. 2d 317:

"The focus of [appellee's] argument on appeal is whether the [90] day 'deemed' decision rule of Sec- tion 508 has any application following . . . remand by a Court of Common Pleas to . . . [the] Board of Supervisors for the purpose of taking additional evidence and [reconsideration] of its denial of a development plan. *We do not reach that issue here."* (Emphasis supplied.)

The Commonwealth Court went on to affirm this court but on the basis that the township had failed to notify the appellee of its decision within five days as required by section 508 which was found to be, in itself, a sufficient basis to affirm the lower court.

It would further appear that the analogous issue presented here and which the Commonwealth Court did not reach in the Market Center Realty case was later addressed and decided adversely to plaintiffs' position in Fazio v. Zoning Hearing Board of East Marlborough Township, 32 Pa. Commonwealth Court 243, 378 A. 2d 1299 (1977). In Fazio, appellants contended that they were enti- tled to a decision in their favor by virtue of section 908(9) because the board failed to render a decision within 45 days after the last hearing before the

board. In Fazio, as here, the property owners appealed from a decision of the zoning hearing board denying their application for a variance or special exception. There, as here, the common pleas court remanded the matter to the zoning hearing board ordering that an additional hearing be held within 30 days and supplemental decision to be returned to court within 60 days. The board flagrantly violated the time requirements of the remand order for a period of 15 months. Notwithstanding this fact and notwithstanding that the remand order directed a "supplemental decision" unlike the remand order in the case at bar, the Commonwealth Court concluded that appellants were not entitled to a "deemed" decision in their favor under the authority of section 908(9). The court held at 32 Pa. Commonwealth Ct. 248, 378 A. 2d 1302:

"The appellants next contend that the failure of the Board to meet the time requirements of the Order for a supplemental hearing and additional findings should result in a decision in their favor. The Code makes no such provision. At the Court of Common Pleas' level, appellants have other procedural remedies available to enforce the Court Order either by Mandamus or Contempt Action."

Accordingly, the court enters the following

## ORDER

And now, February 27, 1980, upon consideration of the briefs of counsel and after hearing and argument before the court on February 8, 1980 plaintiffs' complaint in mandamus is dismissed.