## Manos v. Board of Supervisors of Highland Township

*John E. Good*, for plaintiff.
*Roger E. Legg*, for defendant.

MELODY, *J.*, September 29, 1981—This is an appeal from the decision of the Board of Supervisors of Highland Township denying appellant approval of a preliminary subdivision plan. Appellant cites four reasons for his appeal: (1) The township had approved the subdivision plan contingent upon his agreeing to comply with certain conditions; with which appellant claims to have complied; (2) Section 508[1] of the Municipalities Planning Code was not complied with by the township; (3) The township's subdivision ordinance relating to proximity of streets was not violated as claimed in that appellant had received Pennsylvania Department of Transportation approval and the subdivision ordinance called for compliance to be "to the fullest extent possible;" and (4) That all other township reasons for rejection were not violated by the plan.

We agree with appellant's contention that the township failed to comply with the mandates of Section 508 of the Municipalities Planning Code. Thus, the appeal is sustained on this contention. Because of the effect of our ruling with regard to Section 508, we need not consider the other reasons for appeal.

The township and appellant had agreed in writ-

---

1. Act of July 31, 1968, P.L. 805, Art. V. §508, 53 P.S. §10508, as amended 1978, April 18, P.L. 38, No. 20, §1, effective in 60 days.

ing that "The time within which the Township may approve or reject the preliminary plan submitted by applicant is extended to October 6, 1980." This date was beyond the 90 day time limitation[2] for decision making called for by Section 508 of the Municipalities Planning Code. On October 6, 1980, at a scheduled supervisors' meeting, the township rendered its decision orally and personally to appellant, who was present.[3] Thereafter on October 9, 1980, appellant received written notice from the township's solicitor itemizing four reasons for the rejection of his plan. The written notice was dated October 7, 1980.

Strictly adhering to the opinion of Judge Crumlish in Borough Council of Phoenixville, et al., v. Joseph A. Puleo & Sons, Inc., 7 Pa. Commw. 248, 298 A. 2d 658, (1973),[4] we write as follows:

The township here did not comply with the procedures mandated by the statute. Look to the first paragraph of Section 508 which provides that the

2. On April 14, 1980, the subdivision application and copies of a suggested preliminary plan (the preliminary plan) were submitted.

3. The parties disagree as to what transpired concerning the number of rejection reasons given by the supervisors on October 6, 1980. Appellant contends only one reason was given; the township claims four. To add to the confusion, the original minutes of the October 6, 1980, meeting reveal only one reason, however, at the November 3, 1980, supervisors' meeting it was determined by the supervisors that the October 6 minutes were in error and were approved with additional language which set forth three more reasons for the subdivision plan rejection.

4. See also: Twp. of Montgomery v. Market Cen. R. Co., 12 Pa. Commw. 449, (1974); Mid-County Manor, Inc., v. Haverford Twp. Bd. of Com'rs, 22 Pa. Commw. 149, 348 A. 2d 472, (1975).

township *shall* render its decision and *communicate* it to the applicant not later than 90 days. Subsection (1) of Section 508 which defines the method to be used in rendering the decision, requires (1) that the decision be in writing and (2) that it be communicated to the applicant personally or mailed to him . . . not later than 15 days following the decision. Both requirements must be met in order to meet the directive of the statute.

It may be said that some ambiguity arises because subsection (1) of Section 508 reads that the decision must be communicated personally or mailed to the applicant not later than 15 days after the decision, but this does not mean that a governing body may, for example, wait until 90 days to make a decision and then wait 15 more days to either personally communicate or mail a copy of the decision to the applicant. We say that the first paragraph of Section 508 unequivocally commands the decision be communicated to applicant not later than 90 days.

Clearly then, in situations where the time limitation has nearly expired, any decision made by the governing body must be communicated to the applicant, either by personal contact or by mailing on or before the ninetieth day. The 15 day limitation of subsection (1) is applicable to situations where a decision is made soon after the submission of the application. It does not mean that the governing body had 15 *extra* days to communicate its decision.

The facts before us reveal that there was no decision in writing until October 7, 1980, which was too late. Thus, the decision of the township supervisors was never properly communicated to the applicant on or before October 6, 1980, within the meaning of Section 508 and the written decision sent by mail on

October 7, 1980, was not within the time limit imposed by the statute. Failure to communicate the decision within the time and in the manner required results in automatic approval of the plan. Section 508(3), Section 10508(3).

The pertinent language of Section 508 of the Municipalities Planning Code, 53 P.S. Section 10508, is that which requires the governing body to render its decision and communicate it to the applicant *in writing* not later than the time extension agreed to by the parties. October 6, 1980, was the agreed upon extension date. October 7, 1980, was the date that the decision was finally in writing. October 9, 1980, was the date the written decision was communicated to appellant.

Subsection (3) of Section 508 of the Municipalities Planning Code specifies:

"Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application in terms as presented *unless the applicant has agreed in writing to an extension of time or change in the prescribed manner of presentation of communication of the decision, in which case, failure to meet the extended time or change in manner of presentation of communcation shall have like effect.*" 53 P.S. §10508(3).

In applying this section our Appellate Courts have rigidly enforced the time limitations and where violated, have directed that approval of the subdivision plans be automatic: In Re: Appeal of David Fiori, Realtor, Inc., 55 Pa. Commw. 59, 422 A. 2d 1207 (1980); Borough Council v. Joseph A. Puleo & Sons, Inc., 7 Pa. Commw. 248, 298 A. 2d

658 (1973). See Ryan, Pennsylvania Zoning Law and Practice, 1 Section 9.6.11.

We realize that the written decision dated October 7, 1980, was written only one day late and was communicated only three days late, however, it does not comply with the statute.

Should we ignore the township's failure because it is only one or three days late, we would be rewriting the statute to uphold the township. That we refuse to do.

Moreover, were we to find no violation of the statute in this case, we would open the door to a host of claims involving assertedly de minimus statute violations and be forced to engage in precisely the sort of case by case determination which the legislature sought to avoid by passing an unambiguous law.

The failure of the township to comply with 53 P.S. §10508 is deemed an approval of the plan submitted.

### ORDER

And now, September 29, 1981, upon consideration of the record and briefs, the decision of the board of supervisors is reversed and we direct the Board of Supervisors of Highland Township to forthwith approve appellant's plan of subdivision submitted on April 14, 1980.