520 A.2d 514

Board of Supervisors of Venango Township, Erie County, Pennsylvania, Appellant *v.* Thomas Radu, Appellee.

Submitted on briefs June 13, 1986, to Judges MAC-PHAIL and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Harry Faber White, II,* with him, *David W. Tyree, Jorden and White,* for appellant.

*Thomas E. Kuhn, Gifford, Lay, Johnson* & *Ridge,* for appellee.

OPINION BY SENIOR JUDGE KALISH, January 29, 1987:

Appellant, the Board of Supervisors of Venango Township, appeals an order of the Court of Common Pleas of Erie County, ordering the Board of Supervisors to issue a conditional use permit to appellee, Thomas Radu, as a "deemed decision." We vacate and remand to the trial court.

In May, 1984, appellee sought a conditional use permit from the Board of Supervisors to operate a tavern in an R-1 residential district. A hearing was held on July 2, 1984, and a decision of denial was mailed to appellee on August 23, 1984. On September 19, 1984, appellee appealed to the trial court.

From September, 1984 until March, 1985, counsel made numerous requests for the hearing notes. However, no reproduced record was ever returned by the stenographer, and local rules of court provide that no argument or hearing could be heard until the notes were transcribed. The Board of Supervisors scheduled a new hearing for April 16, 1985, and on May 6, 1985 the Board of Supervisors *orally* denied appellee's request for a conditional use, but appellee was not so notified until June 17, 1985. However, two days before, on June 15, 1985, appellee had filed a motion with the trial court to compel the Board of Supervisors to issue a conditional use permit as a "deemed decision." This was granted by the trial court.

Section 603(b)(2) of the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10603(b)(2), provides for the allowance of conditional uses *by a governing body.* Also, section 901 of the Code, 53 P.S. §10901, dealing specifically with zoning laws of a municipality, provides for the creation of a zoning hearing board. That section specifically states that, as used in the Code, "the term 'board' shall refer to a zoning hearing board." Section 908 of the Code, 53 P.S. §10908, provides that the board shall render a written decision within forty-five days, and that if the board fails to make such a decision within the time period, the decision shall be deemed to have been rendered in favor of the applicant. It was on this basis, namely, that more than forty-five days had elapsed from July 2, 1984 to August 23, 1984, that the deemed decision was ordered granted.

Sections 1200 and 1201 of the Venango Township Zoning Ordinance, referring to procedures of the Township Supervisors in granting conditional uses, provide that the Board of Supervisors shall hear and decide all requests for conditional uses, and shall transmit one

copy of the request for a conditional use to the Township Planning Commission for its recommendations. Thereafter, *the Board of Supervisors shall render a written decision* and inform the applicant of this decision within thirty days of the hearing date.

It is to be noted that this section of the Zoning Ordinance refers to procedures of Township Supervisors in granting a conditional use. Unlike section 901 of the Code, 53 P.S. §10901, which deals specifically with zoning boards and the time limits therein, and what happens in the event of a failure to comply, no such provision as to what happens in the event of the failure of the Supervisors to comply appears in the Venango Township Zoning Ordinance. The trial court erred in compelling the Board of Supervisors to issue a deemed decision. *See Russell v. Penn Township Planning Commission,* 8 Pa. Commonwealth Ct. 429, 302 A.2d 870 (1973).

The decision of the trial court is vacated and the matter remanded to the trial court with instructions to order the Board of Supervisors to file a *written* decision, so that appellee may proceed with such action as is appropriate.

ORDER

NOW, January 29, 1987, the order of the Court of Common Pleas of Erie County, No. 2166-A-1985, dated June 27, 1985, is vacated. The record is remanded to the Court of Common Pleas of Erie County, with instructions to order the Board of Supervisors of Venango Township to file a written decision on Thomas Radu's request for a conditional use permit.

Jurisdiction relinquished.