Capitol Investment Development Corporation *v.* Robert Jayes, Christopher Timothy and George DiFrancesco, individually and as Supervisors of West Whiteland Township, Appellants. (2 cases)

Argued April 5, 1977, before President Judge Bow-
man and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER and BLATT. Judge ROGERS did not par-
ticipate.

*E. Craig Kalemzian,* with him *William H. Lamb,*
and *Lamb, Windle & McErlane,* for appellants.

*Ronald M. Agulnick,* with him *Agulnick, Talierco,
McShane & Supplee,* for appellee.

OPINION BY JUDGE BLATT, May 24, 1977:

This is an appeal by West Whiteland Township[1]
from two orders of the Court of Common Pleas of
Chester County. These orders granted motions for
summary judgment filed by the Capital Investment
Development Corporation (appellee) in two actions in
mandamus.[2]

---

[1] The named defendants were the Township and its individual
supervisors.

[2] The appellee filed two mandamus actions, each of which dealt
with a separate subdivision application which had been presented
to the Township. The lower court granted summary judgment in

The appellee brought these actions alleging that on March 5, 1974 it had filed two applications with the Township for preliminary subdivision plan approval regarding the same twenty-three acre tract: one plan which would establish a mobile home park on the entire tract, and another which would provide for the construction of apartments on the entire tract. On the appellee's motions for summary judgment, the lower court found, in regard to the mobile home park application, that "[n]o notice of any action taken by the Board of Supervisors was ever sent, delivered or communicated to the plaintiff [appellee]." In regard to the application for the construction of apartments, the lower court found that the application had been submitted on April 22, 1974, that a purported denial of the application had been made on July 12, 1974 by the Township's *Manager*, that

[a]t no time within the period between the date of the submission of the plan for approval of the subdivision and the date of the purported denial was there a public meeting of the Board of Supervisors where action by that Board was taken on the application,

and that the manager's action had been "confirmed" by the Board of Supervisors at a public meeting on July 29, 1974.[3] The lower court then held that because the Township had failed to comply with the requirements of Section 508 of the Pennsylvania Municipalities Planning Code[4] (Code), 53 P.S. §10508,

---

each case and the Township's appeals from the two orders of the lower court were consolidated for argument before this Court and will be disposed of by this opinion.

[3] The plan which called for the development of apartments, originally submitted to the Township on March 5, 1974, had been returned to the appellee on April 5, 1974, and was resubmitted by the appellee to the Township on April 22, 1974.

[4] Section 508 of the Act of July 31, 1968, P.L. 805, *as amended*, provides, *inter alia*, as follows:

for the denial of subdivision applications,[5] that both preliminary subdivision plans were therefore deemed to have been approved by operation of law. Section 508(3) of the Code, 53 P.S. §10508(3).

The Pennsylvania Rules of Civil Procedure provide that any party may move for summary judgment, Pa. R. C. P. 1035(a), and that

[t]he judgment sought shall be rendered if the pleadings, depositions, answers to interroga-

---

All applications for approval of a plat . . . whether preliminary or final, shall be acted upon by the governing body or the planning agency within such time limits as may be fixed in the subdivision and land development ordinance but the governing body or the planning agency shall render its decision and communicate it to the applicant not later than ninety days after such application is filed.

(1) The decision of the governing body or the planning agency shall be in writing and shall be communicated to the applicant personally or mailed to him at his last known address not later than five days following the decision;

(2) When the application is not approved in terms as filed the decision shall specify the defects found in the application and describe the requirements which have not been met and shall, in each case, cite to the provisions of the statute or ordinance relied upon;

(3) *Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application in terms as presented* unless the applicant has agreed in writing to an extension of time or change in the prescribed manner of presentation of communication of the decision, in which case, failure to meet the extended time or change in manner of presentation of communication shall have like effect. . . . (Emphasis added.)

[5] In regard to the application to construct apartments, it appears from the lower court's opinion that the governing body failed to render a decision on that application and communicate such decision to the appellee within 90 days (the July 12, 1974 letter from the Township manager does not appear to have constituted action by the governing body nor does it appear to have conformed to the other requirements of Section 508).

tories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Pa. R.C.P. 1035(b).

The appellee, as the moving party, had the burden here of proving that there were no issues of material fact, and the record must be examined in a light most favorable to the Township as the nonmoving party. *Commonwealth v. Transamerica Insurance Co.*, 12 Pa. Commonwealth Ct. 190, 316 A.2d 85 (1974). And, because the lower court granted both motions for summary judgment, we must determine whether or not such action was proper.

The Township has argued that the summary judgments were improperly granted because the pleadings raised issues of material fact. Although a review of the pleadings indicates that questions of fact were raised thereby, the appellee filed affidavits in support of its motions and this case, therefore, must be considered in light of Pa. R. C. P. 1035(d) which provides as follows:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. *When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his*

*pleading,* but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him. (Emphasis added.)

In *Phaff v. Gerner,* 451 Pa. 146, 303 A.2d 826 (1973), our Supreme Court held that Pa. R. C. P. 1035(d) prohibits a party opposing a motion for summary judgment, the Township here, from relying on the allegations contained in the pleadings to establish issues of material fact when supporting affidavits have been filed by the moving party.

Controverted facts that appear in the pleadings can be verified by either side by persons who would be competent to testify at the trial of the matter. Supporting affidavits, after a motion for summary judgment, are acceptable as proof of facts.

. . . .

Issue of facts in the pleadings are significant only when there are no supporting affidavits before the court.

Although a court under Rule 1035 must ignore controverted facts appearing only in the pleadings, under the Rule all facts must be considered which are contained in the pleadings and affidavits and which are not controverted by opposing pleadings or affidavits. (Citations omitted.)

*Phaff v. Gerner,* 451 Pa. at 150-152, 303 A.2d at 829-830.

We have examined both the uncontroverted facts contained in the pleadings and the facts supported by the affidavits submitted by the appellee and have found that the lower court's findings are properly

based thereon.[6] Because the facts thus established clearly indicate that the Township failed to comply with Section 508 of the Code, the lower court was correct in ordering that the subdivision plans were deemed to have been approved by operation of law. *V. C. Finisdore, Inc. v. Township of Lower Merion*, 27 Pa. Commonwealth Ct. 598, 367 A.2d 412 (1976); *Swinehart v. Upper Pottsgrove Township*, 23 Pa. Commonwealth Ct. 282, 351 A.2d 702 (1976); *Horst v. Derry Township Board of Supervisors*, 21 Pa. Commonwealth Ct. 556, 347 A.2d 507 (1975).

The Township has also argued that, even if the motions for summary judgment were properly granted, the lower court could only have ordered the approval of either subdivision application, not of both. It seems clear to this Court, however, that a developer who has received approval of two mutually exclusive subdivision applications from a Township may then develop the property in conformity with the plan it prefers and we have not discovered, nor has the Township directed our attention to, any limitation either in the Code or in the Township's subdivision and land development ordinance prohibiting the situation that has occurred here (*i.e.*, that a developer might have two mutually exclusive development plans which have been approved, and between which a choice will eventually have to be made as to which one will provide the basis for future development).

We, therefore, affirm the orders of the lower court.

ORDER

AND Now, this 24th day of May, 1977, the order of the Court of Common Pleas of Chester County, dated

---

[6] The Township did not allege that the affidavits failed to comply with the requirements of Pa. R. C. P. 1035(d), nor did it present any affidavits or opposing depositions to the lower court.

May 25, 1976 and numbered 175 October Term, 1974, is hereby affirmed.

ORDER

AND Now, this 24th day of May, 1977, the order of the Court of Common Pleas of Chester County, dated May 25, 1976 and numbered 176 October Term, 1974, is hereby affirmed.