Francis P. Morris, Appellant *v.* The Northampton County Hanover Township Board of Supervisors and The Northampton County Hanover Township Planning Commission, Appellees.

Argued September 28, 1978, before Judges Mencer, Blatt and Craig, sitting as a panel of three.

*B. Ryland Wiggs,* for appellant.

*John A. Zapf, II,* with him *T. E. Butterfield, Jr.,* and *Butterfield, Joachim, Brodt and Houser,* for appellees.

Opinion by Judge Blatt, December 29, 1978:

Francis P. Morris (appellant) appeals here from an order by the Court of Common Pleas of Northampton County which held that the failure of the Hanover Township Board of Supervisors to act within 90 days following the submission of two inconsistent subdivision plans for the same tract could not be deemed to be approval of either plan.

The appellant here submitted two sets of subdivision plans regarding development of the same tract of land to the Hanover Township Board of Supervisors. The first plan, submitted on February 13, 1976, was designated "Bridle Path Woods—Phase II" (first plan) and proposed the development of the property for an apartment complex. Because the property was zoned Residential (R-1), wherein apartment complexes were not permitted, the appellant also submitted a request to rezone the property to Residential (R-2). While this request was still pending, the appellant submitted another subdivision plan on February 27, 1976, which was designated "Hanover Knoll" (second plan), and which proposed development of the same property for forty single-family dwellings.[1] Shortly after the second plan was submitted, the Township's engineering firm notified the appellant by letter that neither of his subdivision applications could be accepted by the Township for preliminary approval until the requirements of the Hanover Township Subdivision and Land Development Regulations had been met and that it would hold both applications and plans until the appellant advised what he wanted to do. Following a meeting of the Board of Supervisors, the engineering firm sent another letter to the appellant stating that in accordance with its earlier letter and in accordance with the decision of the Board of Supervisors at its meeting of March 9, 1976, it was returning both applications and plan copies.

Following a public hearing in April on the rezoning request, the Board of Supervisors voted not to rezone the appellant's property to R-2. The appel-

---

[1] This application was accompanied with a $500.00 check apparently to pay for the fee required with the submission of a subdivision plan.

lant then submitted to the Hanover Township Zoning Hearing Board (Board) a substantive challenge to the validity of the Township's zoning ordinance on the basis that only 2.5% of the township was zoned for multiple family dwellings and that the ordinance was exclusionary, and, therefore, constitutionally invalid. Following a hearing on the validity challenge to the zoning ordinance, which was held in May, the appellant agreed to an extension of time until July 29, 1976 for the Board's decision on the validity challenge. Prior to that date, however, on July 8, 1976, the appellant filed a suit in mandamus in the lower court contending that his second subdivision plan was deemed approved by virtue of the non-action of the Board of Supervisors within 90 days following its submission and that, under Section 508 of the Pennsylvania Municipalities Planning Code[2] (MPC), it was deemed approved and he was, therefore, legally entitled to approval for that plan. On July 26, 1976, the appellant withdrew his validity challenge before the Board. On the same date he moved for summary judgment on his suit in mandamus, but the lower court dismissed this motion on the ground that the 90-day period of Section 508 of the MPC did not apply when two inconsistent plans for the same tract of land had been submitted. This appeal followed.

The appellant maintains that he is legally entitled to approval of his second subdivision plan inasmuch as it was a proper and valid application and the Board of Supervisors failed to render a decision in regard to it within the time and manner required under Section 508 of the MPC, 53 P.S. §10508. This Section provides in pertinent part as follows:

All applications for approval of a plat (other than those governed by Article VII), whether

---

[2] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10508.

preliminary or final, shall be acted upon by the governing body or the planning agency within such time limits as may be fixed in the sub-division and land development ordinance but *the governing body* or the planning agency *shall render its decision and communicate it to the applicant not later than ninety days after such application is filed.*

(1) The decision of the governing body of the planning agency shall be in writing and shall be communicated to the applicant person-ally or mailed to him at his last known address not later than five days following the decision;

(2) When the application is not approved in terms as filed the decision shall specify the defects found in the application and describe the requirements which have not been met and shall, in each case, cite to the provisions of the statute or ordinance relied upon;

(3) Failure of the governing body or agen-cy to render a decision and communicate it to the applicant within the time and in the man-ner required herein shall be deemed an approv-al of the application in terms as presented un-less the applicant has agreed in writing to an extension of time or change in the prescribed manner of presentation of communication of the decision, in which case, failure to meet the ex-tended time or change in manner of presenta-tion of communication shall have like effect. . . . (Footnote omitted.) (Emphasis added.)

The threshold issue here, before we may reach the question as to whether or not the Board of Super-visors rendered its decision in a proper manner, is whether or not the 90-day provision applies when two inconsistent applications have been submitted. The appellant argues that the submission of the second

plan constituted a substantial change in his earlier application and in effect voided the earlier plan submission. In support of this proposition he cites the case of *DePaul Realty Company v. Borough of Quakertown*, 15 Pa. Commonwealth Ct. 16, 324 A.2d 832 (1974) wherein this Court held that the submission of a second plan within the 90-day period voided the original plan and therefore extended the 90-day period for Board action to run from the filing date of the last revised plan. The second plan in that case was submitted as the result of the denial of a parking variance and was therefore submitted as a revision of the first plan in order to bring the application into conformity with the zoning ordinance, and the applicant thereafter sought only the approval of his second plan. The facts here, however, are wholly inapposite. Here the second plan submitted was not a revision of the first plan but a totally new and different plan which was obviously irreconcilable with the first. Furthermore, the appellant here continued to pursue his request for approval of the first plan in seeking rezoning of the property to Residential R-2 and by subsequently attacking the validity of the zoning ordinance as exclusionary of multiple-family dwellings. He could not, therefore, have intended the second plan to invalidate the first. *See also Wiggs v. The Northampton County Hanover Township Board of Supervisors*, 32 Pa. Commonwealth Ct. 631, 380 A. 2d 505 (1977).

We believe that Section 508 of the MPC was enacted to remedy indecision and protracted deliberations on the part of local governing bodies and to eliminate deliberate or negligent inaction on the part of governing officials. *Mid-County Manor, Inc. v. The Haverford Township Board of Commissioners*, 22 Pa. Commonwealth Ct. 149, 348 A.2d 472 (1975); *Township of Montgomery v. Market Center Realty*

*Co.*, 12 Pa. Commonwealth Ct. 449, 317 A.2d 317 (1974); *Gettys v. Dillsburg Borough Council,* 7 Pa. Commonwealth Ct. 519, 300 A.2d 805 (1973). Such problems were not present here. Instead, the confusion and protracted proceedings here were occasioned by the actions of the appellant. We conclude, therefore, that the lower court was correct in dismissing the appellant's action in mandamus.

Having so decided, we need not reach the other issues raised here by the appellant.

ORDER

AND Now, this 29th day of December, 1978, the order of the Court of Common Pleas of Northampton County in the above-captioned matter is hereby affirmed.