In Re: Appeal of David Fiori, Realtor, Inc. From Decision of the Lower Southampton Township Board of Supervisors.

Lower Southampton Township Board of Supervisors, Appellant.

Argued October 6, 1980, before Judges MENCER, ROGERS and PALLADINO, sitting as a panel of three.

*Daniel J. Lawler*, of *Lawler & Gonzales*, with him *Ronald J. Smolow*, of *Groen & Smolow*, for appellant.

*Herbert K. Sudfeld, Jr.*, with him *Richard P. McBride, Power, Bowen & Valimont*, for appellee.

OPINION BY JUDGE PALLADINO, December 2, 1980:

The question on appeal before this Court is the propriety of the order of the Court of Common Pleas of Bucks County directing the Board of Supervisors of Lower Southampton Township (Board) to approve the land development plan submitted to it on March 28, 1977 by the appellee, David Fiori, Realtor, Inc.

Appellee originally filed an application with the Board on March 28, 1977 for approval to proceed with the development of a multi-tenant shopping center on a one acre parcel of real estate located within Lower

Southampton Township. At the Board's request, appellee twice granted extensions of time beyond the ninety day review period mandated by Section 508 of the Municipalities Planning Code[1] (Code) for the approval or rejection of the shopping center development plan. The last such extension of time was to run until August 18, 1977.

In the latter part of June 1977 the appellee submitted an alternate proposal to the Board requesting it to consider the feasibility of constructing a restaurant on the land rather than a shopping center.

At a public meeting held on August 18, 1977 the Board unanimously rejected both the application for the shopping center development and the alternate proposal for a restaurant use. No written notice of the decision was delivered to the appellee until the Township Manager wrote to the appellee on September 8, 1977 informing him of the decision. The letter noted "contradictions" with Sections 100 and 603 of the Lower Southampton Zoning Ordinance as the reasons for the rejections.

The Board contends that the lower court erred in not finding that the appellee's shopping center application had been withdrawn at the time of the alternate proposal for a restaurant use and that therefore it was not required to act upon the shopping center application in accordance with Section 508 of the Code.[2]

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10508.

[2] Section 508 of the Code, 53 P.S. §10508, then provided:

All applications for approval of a plat . . . shall be acted upon by the governing body or the planning agency within such time limits as may be fixed in the subdivision and land development ordinance but the governing body or the planning agency shall render its decision and communicate it to the applicant not later than *ninety days* after such application is filed.

Judge BODLEY writing for a three judge panel of the Court of Common Pleas of Bucks County found that the appellee did not withdraw his original application for the shopping center development and that the Board's rejection of that application was untimely and not properly made and communicated under Section 508 of the Code. In addition, the lower court found that even had the rejection been timely made, "it failed to comply with the law in that it contained but vague references to provisions in the ordinances and failed to specify, as required by statute, the defects found in the application." We find that Judge BODLEY's opinion, dated January 30, 1978, docketed at No. 8969 of 1977, is a correct statement of the law and cannot be improved upon. Therefore, we will affirm on the basis of that opinion.

Accordingly, we will enter the following

ORDER

AND Now, December 2, 1980, the order of the Court of Common Pleas of Bucks County dated January 30, 1978, and docketed at No. 8969 of 1977 is affirmed.

(1) The decision of the governing body or the planning agency shall be in writing and shall be communicated to the applicant personally or mailed to him at his last known address not later than *five days* following the decision;

(2) When the application is not approved in terms as filed the decision shall *specify the defects* found in the application and describe the requirements which have not been met and shall, in each case, cite to the provisions of the statute or ordinance relied upon;

(3) Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein shall be *deemed an approval* of the application in terms as presented unless the applicant has agreed in writing to an extension of time . . . in which case, failure to meet the extended time . . . shall have like effect. (Emphasis added.)