## Middle Creek Bible Conference, Inc. v. Zoning Hearing Board of Liberty Township

*John D. Kuhn,* for plaintiff.
*Gary E. Hartman,* for defendant.

SPICER, *P.J.,* February 4, 1985—

## OPINION RE: FINAL ORDER

Plaintiff is an equitable owner of real estate titled in the names of people named Piper. This real estate lies partially in Liberty Township and partially in Freedom Township. It is also contiguous to other lands in which plaintiff has an interest and which were formerly owned by people named Bostwick. This case involves a request for a deemed approved status for plaintiff's application for a special exception under Liberty Township's Zoning Ordinance.

The court deals with plaintiff's request for a writ of mandamus on the basis of stipulated facts. For the most part, the stipulations are in writing and are a matter of record. Following oral argument, the court determined that the stipulations did not cover the township's procedure for hearing requests. Counsel were contacted and orally agreed that for purposes of this case, the application for a special exception also acted as a request for a hearing.

Plaintiff filed its request with the zoning hearing board on March 26, 1984. The board responded with a letter dated April 6, 1984, which stated that no hearing would be scheduled until certain requirements were met and certain fees were paid. By May 4, 1984, plaintiff had complied with these requirements. The board's solicitor then informed plaintiff by letter dated June 28, 1984, that no hearing would be scheduled until there was a court decision on a pending appeal taken from the board's ac-

tion on the Bostwick property. Plaintiff had filed that appeal after his request for a special exception for the Bostwick land had been denied by the board. The solicitor's letter stated that the issues raised by the Piper application (the one now before the court) would be "controlled by the Court's resolution of the appeal filed with regard to the Bostwick property."

The statute, 53 P.S. § 10908(9) clearly and equivocally gives the right to deemed approved status when the board "fails to hold the required hearing within 60 days from the date of the applicant's request for a hearing." The only exception is when the applicant has agreed to an extension of time in writing.

The board argues that it would have been unreasonable to have scheduled a hearing before the Bostwick appeal had determined the issues to be presented. It cites Morris v. Northampton County Hanover Township Board of Supervisors, 39 Pa. Commw. 466, 395 A.2d 697 (1978), for the proposition that not all delays will result in an application being deemed approved. However, the issue and facts involved in Morris bear no resemblance to the present case. In Morris, an applicant filed two inconsistent plans for the same land and agreed to an extension of time for the hearing board's action concerning the plan first filed. There was no agreement specifically covering the second application. During the extension period but after 90 days had elapsed from the filing of the second application, the applicant filed a mandamus action for deemed approval treatment. The Commonwealth Court held that the second application had not invalidated the first. The applications were treated as one and the extension applied to both.

The court does not want to appear unsympathetic to the board's argument that hearings are often time

consuming and expensive. At the same time, we cannot be insensitive to the purpose of the statute, which is to prevent delay and protracted proceedings. The board had several options in this case which would have met the policy requirements. It could have convened a hearing and refused the application based upon its decision in Bostwick.* That would have given plaintiff an immediate right to appeal. It could also have stipulated that the present application would be governed by the Bostwick appeal.

While it might appear the board adopted the second approach, this is not true. The letter was not a request for an agreement and did not bind the board. Obviously, the board did not consider it binding because it now wants the court to remand this matter for a hearing. Thus, the conclusion one must reach is that the board's treatment would guarantee the delay the statute is designed to prevent.

Plaintiff is entitled to the relief it seeks. See Pallot v. Neshannock Township, 2 D.&C. 3d 554 (1977).

## ORDER OF COURT

And now, this February 4, 1985, a writ of mandamus is issued directing the Zoning Hearing Board of Liberty Township to deem approved plaintiff's request for a special exception for the real estate involved in this case.

---

*In Atlantic Richfield Co. v. City of Bethlehem, 69 Pa. Commw. 6, 13, 450 A.2d 248, 252 specifically footnote 4 (1982), a hearing board held a hearing and then erroneously relied on res judicata. The Commonwealth Court held there had been technical compliance with the hearing requirements of the act.