## PHILOMENO & SALAMONE

v.

## BOARD OF SUPERVISORS OF UPPER MERION TOWNSHIP and Upper Merion Township

### Appeal of: Upper Merion Township.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 22, 2005.

Decided Aug. 25, 2005.

Reargument Denied Oct. 12, 2005.

---

Joseph J. Pizonka, King of Prussia, for appellant, Upper Merion Township.

Edward J. Hughes, Plymouth Meeting, for appellee, Philomeno & Salamone.

BEFORE: COLINS, President Judge, and LEADBETTER, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Upper Merion Township (Township) appeals from an order of the Court of Common Pleas of Montgomery County (trial court) granting Philomeno & Salamone's (Landowner) motion for peremptory judgment. We reverse.

Landowner is a general partnership and equitable owner of a tract of land located at 431 West Valley Forge Road, Upper Merion Township. On May 13, 2003, Landowner filed an application for review with the Township seeking to subdivide its property in order to construct thereon seventeen single family homes. Reproduced Record (R.R.) at 99a. On June 5, 2003, the application was submitted to the Board of Supervisors of Upper Merion Township (Board of Supervisors). Pursuant to Section 508 of the Municipalities Planning Code (MPC)[1] and the Upper Merion Township Subdivision and Land Development Ordinance, the Board of Supervisors was required to render a decision on Landowner's application no later than ninety days following the date of the regular meeting of the Board of Supervisors next following the date the application was filed

---

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10508. Section 508 provides, in pertinent part, that all applications for approval of a plat whether preliminary or final, shall be acted upon by the governing body within such time limits as may be fixed in the subdivision and land development ordinance but the governing body shall render its decision and communicate it to the applicant no later than ninety days following the date of the regular meeting of the governing body next following the date the application is filed.

unless an extension in writing was granted by Landowner.

By letter of August 7, 2005, Landowner granted the Board of Supervisors a sixty day extension to render a decision on its application. *Id.* at 101a. The August 7th letter further stated that the new expiration date would be October 25, 2003. *Id.* By letter dated October 20, 2003, Landowner granted the Board of Supervisors a second sixty day extension to render a decision giving rise to a new date for the issuance of the Board's decision of December 24, 2003. *Id.* at 103a.

By letter dated October 27, 2003, Landowner filed a new and distinct conditional use application for the same tract of land that was the subject of the application for review currently pending before the Board of Supervisors. *Id.* at 105a. Therein, Landowner requested conditional use approval in order to provide a cluster development overlay on its property pursuant to the Upper Merion Township Zoning Code. *Id.* Landowner sought to establish an 8.65 acre open space parcel, development of twenty-eight townhouse units on a 4.89 acre parcel, and retention of one recreational use on a 4.38 acre parcel. *Id.* Hearings before the Board of Supervisors ensued.[2]

Based upon the evidence presented to the Board of Supervisors, Landowner's application for a conditional use was denied by decision dated June 23, 2004. *Id.* at 47a–55a. The Board of Supervisors found that while the plan was in compliance with the requirements of the Upper Merion Township Zoning Code for cluster development overlay, the plan was not in compliance with all of the ordinances and the plan would have an unanticipated adverse impact on the health, safety and welfare of the community. *Id.* A timely land use appeal from the Board of Supervisor's June 23, 2004 decision was filed with the trial court and said appeal is currently pending before that court.

■ With regard to Landowner's first filed application for review seeking to subdivide its property to construct seventeen single family homes, said application was not ruled upon by the Board of Supervisors prior to the extended deadline of December 24, 2003. On July 29, 2004, Landowner filed a complaint in mandamus[3] and motion for peremptory judgment pursuant to Pa.R.C.P. No. 1098[4] asserting that pursuant to Section 508 of the MPC, the Board of Supervisors was required to enter a decision on the first filed subdivision plan application by December 24, 2003. Landowner asserted further that pursuant to Section 508(3) of the MPC[5] the Board

2. We note that by letters dated February 6, 2004 and March 15, 2004, Landowner waived the requirements found in Section 908(1.2) of the MPC, 53 P.S. § 10908(1.2), requiring the Board of Supervisors to hold the initial hearing on Landowner's conditional use application within sixty days from the date of receipt of Landowner's application and the requirement that a subsequent hearing after the initial hearing be held within forty-five days of the initial hearing. *See* R.R. at 107a; 109a.

3. An action in mandamus is the appropriate means to obtain recognition of a deemed approval of a proposed land development plan. *Lehigh Asphalt Paving and Construction Com-*

*pany v. Board of Supervisors of East Penn Township*, 830 A.2d 1063 (Pa.Cmwlth.2003).

4. Rule 1098 provides that at any time after the filing of a complaint, the court may enter judgment if the right of the plaintiff thereto is clear.

5. 53 P.S. § 10508(3). Section 508(3) provides that the failure of the governing body to render a decision and communicate the same to the applicant within the time and in the manner required in Section 508 shall be deemed an approval of the application in terms as presented unless the applicant has agreed in writing to an extension of time, in

of Supervisor's failure to do so served as a deemed approval of Landowner's subdivision plan application. After hearing argument and accepting briefs, the trial court granted Landowner's motion for peremptory judgment. This appeal by the Township followed.

Herein, the Township raises the following issues: (1) whether the trial court erred by finding that Landowner was entitled to deemed approval; (2) whether the trial court erred by failing to apply the appropriate standard of review; and (3) whether the trial court erred by not allowing any additional testimony or evidence and by not making findings of fact and conclusions of law.

■ Peremptory judgment in a mandamus action may be entered only where no genuine issue of material fact exists, and the case is free and clear from doubt. *Forward Township Sanitary Sewage Authority v. Township of Forward*, 654 A.2d 170 (Pa.Cmwlth.1995). Mandamus is an extraordinary remedy to compel performance of a ministerial act or mandatory duty. It is warranted where the petitioner has a clear legal right, respondent a corresponding duty and where no other appropriate remedy exists. *Randolph Vine Associates v. Zoning Board of Adjustment of Philadelphia*, 132 Pa.Cmwlth. 452, 573 A.2d 255 (1990), *petition for allowance of appeal denied*, 527 Pa. 589, 588 A.2d 512 (1991). This Court's scope of review in a mandamus action is to determine whether the trial court abused its discretion or committed an error of law and whether sufficient evidence exists to support its findings. *Id.*

■ The Township first argues that Landowner is not entitled to deemed approval on the subdivision land application because the subsequent filing of a conditional use application extended the time frame in which the Board of Supervisors had to act.[6] Alternatively, the Township argues that Landowner abandoned the original subdivision plan application when Landowner filed the conditional use application for a cluster development overlay on October 27, 2003, which substantially changed and revised its original application.

Subdivision matters and zoning matters are clearly different and are treated differently under the MPC as there are separate statutory provisions governing subdivisions and zoning. Specifically, Article V of the MPC governs subdivision and land development with Section 501 of the MPC, 53 P.S. § 10501, granting the governing body the power to regulate subdivisions and

---

which case, failure to meet the extended time shall have the effect of deemed approval.

6. In support of this argument, the Township cites to several cases that have held that the ninety day time period found in Section 508 of the MPC does not apply when two inconsistent subdivision plan applications for the same tract of land have been submitted to a Board of Supervisors. *See Wiggs v. The Northampton County Hanover Township Board of Supervisors*, 65 Pa.Cmwlth. 112, 441 A.2d 1361 (1982) (Because the landowners voluntarily made substantial changes to their initial subdivision plan, the statutory ninety day period was extended resulting in a timely denial of landowners' subdivision plan.);

*Morris v. The Northampton County Hanover Township Board of Supervisors*, 39 Pa. Cmwlth. 466, 395 A.2d 697 (1978) (Board of Supervisor's inaction for ninety days on landowner's second plan did not result in approval by default under the MPC because the ninety day rule did not apply when two inconsistent plans for the same tract of land were submitted); *DePaul Realty Company v. Borough of Quakertown*, 15 Pa.Cmwlth. 16, 324 A.2d 832 (1974) (When landowner submitted a revised plan with substantial changes, the ninety day period was automatically extended from the date of the filing of such revised plan.).

land development by enacting a subdivision and land development ordinance which requires that all subdivision and land development plats of land shall be submitted for approval to the governing body.

Land development is defined in the MPC as, *inter alia,* the "improvement" of one lot or two or more contiguous lots, tracts or parcels of land for certain purposes. Section 107 of the MPC, 53 P.S. § 10107. Subdivision is defined in the MPC as the "division or redivision of a lot, tract or parcel of land by any means into two or more lots, tracts, parcels or other divisions of land . . . for the purpose . . . of . . . lot development." *Id.* Conditional use is defined as a "use" permitted in a particular zoning district pursuant to the provisions in Article VI of the MPC, which deals with zoning.[7] *Id.* Thus, subdivision ordinances simply do not deal with "use" as zoning ordinances do, including, as in this case, a conditional use which may only be granted pursuant to express standards and criteria set forth in the Township's zoning code. *Department of General Services v. Board of Supervisors of Cumberland Township,* 795 A.2d 440 (Pa.Cmwlth. 2002), *petition for allowance of appeal denied,* 574 Pa. 776, 833 A.2d 144 (2003) (Subdivision ordinances do not deal with "use" as zoning ordinances do.).

Due to the difference between subdivision ordinances and zoning ordinances, we conclude the trial court erred in holding that Landowner was entitled to deemed of approval of the original subdivision plan. Specifically, herein, in order to obtain approval to improve its property by constructing seventeen single family homes,

Landowner filed a subdivision plan application with the Township pursuant to the Upper Merion Township Subdivision and Land Development Ordinance enacted pursuant to Article V of the MPC. In order to use its property for a cluster development overlay, Landowner filed a separate conditional use application with the Township pursuant to the Upper Merion Township Zoning Code. Thus, Landowner filed two separate applications with respect to the same tract of land, which were clearly inconsistent, and pursuant to two separate sets of ordinances. The first application merely sought to improve the property and the second sought to change the use of the property.

It is undisputed that the Board of Supervisors, as the governing body, was required to rule on each application. Due to the nature of each application and the fact that the governing body of the Township, the Board of Supervisors, was required to rule separately on each application pursuant to the Upper Merion Township Subdivision and Land Development Ordinance and the Upper Merion Township Zoning Code, we agree with the Township that Landowner, by filing the conditional use application effectively abandoned the subdivision plan application. This abandonment in turn abrogated the mandated time period set forth in Section 508 of the MPC that required the Board of Supervisors to rule on the original subdivision plan application by a date certain.

■ The purpose of the mandatory time period set forth in Section 508 is to protect an applicant from dilatory conduct by the municipality. *See Shelbourne Square Asso-*

---

7. *See also Pennridge Development Enterprises, Inc. v. Volovnik,* 154 Pa.Cmwlth. 609, 624 A.2d 674 (1993) (A conditional use is a permitted use.); *Brentwood Borough v. Cooper,* 60 Pa.Cmwlth. 462, 431 A.2d 1177 (1981) (The existence of a conditional use provision in an ordinance indicates legislative acceptance that the use is consistent with the zoning plan, and should be denied only when the adverse impact upon the public interest exceeds that which might be expected in normal circumstances.).

*ciates, L.P. v. Board of Supervisors of Township of Exeter,* 794 A.2d 946 (Pa. Cmwlth.), *petition for allowance of appeal denied,* 572 Pa. 727, 814 A.2d 679 (2002) (The time period for decision mandated by the MPC is meant to protect the applicant from dilatory conduct by the municipality.). Therefore, to conclude that the Township's failure to rule on Landowner's original subdivision plan application while a separate application for a conditional use for the same property was pending before the Board of Supervisors would permit Landowner in this case to manipulate the purpose of the mandated time period in Section 508 of the MPC. The failure of the Township to rule on Landowner's subdivision plan application was not the result of the Township's dilatory conduct but rather the confusion and protracted proceedings caused by Landowner's filing of a separate conditional use application for the same property which, as stated previously herein, was entirely inconsistent with the original subdivision plan.

Accordingly, we hold that the trial court erred in granting Landowner's motion for peremptory judgment as the trial court erred in holding that Landowner was entitled to deemed approval under Section 508(3) of the MPC. As such, Landowner's right to relief was not clear or free from doubt.

The trial court's order is reversed.[8]

### ORDER

AND NOW, this 25th day of August, 2005, the order of the Court of Common Pleas of Montgomery County in the above captioned matter is reversed.

---

8. Based on our resolution of the first issue raised herein, we need not address the Township's remaining two issues.