909 A.2d 1221

**COMMONWEALTH of Pennsylvania, Appellee**

**v.**

**Thomas Edward BORTZ, Appellant.**

Supreme Court of Pennsylvania.

Resubmitted May 18, 2006.

Decided Nov. 22, 2006.

Andrea E. Mertz, Glenn D. Welsh, Reading, for Thomas Edward Bortz.

Mark Carlyle Baldwin, Reading, Douglas Jerome Waltman, Seoul, Korea, for Com. of Pa.

CAPPY, C.J., CASTILLE, NEWMAN, SAYLOR, EAKIN, BAER, BALDWIN, JJ.

## *OPINION*

Chief Justice CAPPY.

The issue before our Court is whether a prior indirect criminal contempt conviction for violation of a Protection from Abuse (PFA) order issued under 23 Pa.C.S. § 6108 is grounds for grading a subsequent first conviction for stalking as a felony of the third-degree under 18 Pa.C.S. § 2709.1. For the reasons stated herein, we conclude that this type of prior conviction does constitute grounds to impose a third-degree felony gradation. Accordingly, we affirm the decision of the Superior Court.

The circumstances giving rise to this appeal are as follows. In June 2001, Lori Nester (Nester) terminated a romantic relationship with Thomas Edward Bortz (Bortz). Unhappy with this arrangement, Bortz began to threaten Nester. On August 14, 2001, she obtained a PFA order against him.[1]

---

1. The PFA statute provides, in pertinent part:
   (a) General rule.—The court may grant any protection order or approve any consent agreement to bring about a cessation of abuse of the plaintiff or minor children. The order or agreement may include:
   (1) Directing the defendant to refrain from abusing the plaintiff or

Bortz was undeterred and continued to place phone calls and deliver love letters to Nester. He also made unannounced visits in person in spite of the PFA order prohibiting contact with Nester. After contempt hearings, Bortz was convicted of violations of the PFA order on November 11, 2001, May 2, 2002 and June 20, 2002. See Notes of Transcript (N.T.), 11/12–13/03, at 50–51. Despite these convictions, he persisted. In the early morning hours of August 31, 2002 Bortz rang Nester's doorbell. Nester called the police, who arrived to discover a white foamy substance on the hood of Nester's car. The same substance was discovered on her neighbor's car the next morning. Bortz was arrested and confessed to the police that he rang the doorbell and sprayed the vehicles. (Commonwealth Exhibit Number 2; N.T., 11/12–13/03 at 105).

Bortz was charged with one count of stalking under 18 Pa.C.S. § 2709.1, graded as a third-degree felony, as well as two counts of criminal mischief under 18 Pa.C.S. § 3304, and one count of loitering and prowling at nighttime under 18 Pa.C.S. § 5506. A jury convicted Bortz on all counts. The trial court sentenced Bortz to prison for 15 to 84 months on the stalking conviction.

The Superior Court affirmed the trial court's decision holding that the statute graded a stalking offense as a third-degree felony if the defendant was previously convicted of a crime of violence. The majority found that one of the enumerated crimes of violence under the statute is a violation of a PFA order involving the same victim pursuant to 23 Pa.C.S. § 6108. Judge McEwen dissented, contending that Bortz was never previously "convicted of a crime of violence" relating to the victim, but rather was adjudicated in civil contempt of a PFA order. He specifically noted that these violations were related to the fact that Bortz delivered twenty-three love letters to the victim's home despite the existence of the PFA

minor children ... (6) Prohibiting the defendant from having any contact with the plaintiff or minor children, including, but not limited to, restraining the defendant from entering the place of employment or business or school of the plaintiff or minor children and from harassing the plaintiff or plaintiff's relatives or minor children.

23 Pa.C.S. § 6108(a)(1), (6).

order. Further, he remarked that the love letters attached to the trial transcript do not contain threats of any kind, but are mere professions of love and affection. Therefore, because none of Bortz's indirect criminal contempt convictions involved any act of violence, and the statute requires a "crime of violence" for felony grading, Judge McEwen argued that there is no evidentiary basis to uphold a felony grading.

Bortz now contends that the lower courts improperly conflated the mere existence of a PFA order against him with a criminal conviction for a "crime of violence." Bortz also adopts the dissenting argument made by Judge McEwen that Bortz had not been convicted of a "crime of violence," but was merely found in contempt of a civil order.[2] Lastly, Bortz contends that Commonwealth failed to prove that the victim of his prior convictions was the same victim involved in his stalking conviction.

The Commonwealth argues that the Superior Court majority properly found that Bortz had been convicted of three violations of a PFA order involving Nester and, therefore, Bortz was correctly charged with a felony of the third degree under the stalking statute.

We granted allocatur to resolve whether a first-time offender under the stalking statute 18 Pa.C.S. § 2709.1 can be charged with a felony of the third-degree because of a prior violation of a PFA order. This question is one of statutory interpretation, and as such, it is a pure question of law. Questions of law are subject to *de novo* review and the scope of review is plenary. *Commonwealth v. Bradley*, 575 Pa. 141, 834 A.2d 1127, 1131, n. 2 (2003).

**2.** There would appear to be a contradiction in Bortz's argument, as he first claims that he was not in violation of civil contempt order, and then adopts Judge McEwen's contention that although he was in violation of a civil contempt order, it did not constitute a conviction for a crime of violence under 18 Pa.C.S. § 2709.1. However, later in his brief, Bortz avers that he is "not contesting that he was previously convicted of violations of PFA orders." Appellant's Brief at 13, *Com. v. Bortz* (No. 114 MAP 2005).

This inquiry before the Court must begin with the words of the statute. The stalking statute at issue provides in relevant part:

(c) Grading.—

(1) Except as otherwise provided for in paragraph (2), a first offense under this section shall constitute a misdemeanor of the third degree.

(2) A second or subsequent offense under this section or a first offense under subsection (a) if the person has been previously convicted of a crime of violence involving the same victim, family or household member, including, but not limited to, a violation of section 2701 (relating to simple assault), 2702 (relating to aggravated assault), 2901 (relating to kidnapping), 3121 (relating to rape) or 3123 (relating to involuntary deviate sexual intercourse), an order issued under section 4954 (relating to protective orders) or an order issued under 23 Pa.C.S. § 6108 (relating to relief) shall constitute a felony of the third degree.

18 Pa.C.S. § 2709.1(c)(1), (2).

Bortz asserts that he must be convicted of a "crime of violence" to merit felony gradation under this statute, whereas he was only in contempt of a civil PFA order. The Commonwealth claims that the conviction for civil contempt is a "crime of violence" for the purpose of this statute. To resolve competing assertions of statutory construction, the Court's analysis is governed by the Rules of Statutory Construction.

The Rules of Construction provide that the goal of interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. 1 Pa.C.S. § 1921(a). The best evidence of legislative intent are the words used by the General Assembly. If the words are clear and free from all ambiguity, the letter of the law is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b). Only when the Legislature uses words that are not explicit do we turn to other factors to ascertain its intent. 1 Pa.C.S. § 1921(c). Finally, we will strictly construe penal

provisions in favor of the defendant and against the Commonwealth. 1 Pa.C.S. § 1928(b)(1).

The stalking statute provides that a first offense will be graded as a felony "if the person has been previously convicted of a crime of violence involving the same victim, family or household member, including, but not limited to, a violation of ... an order issued under 23 Pa.C.S. § 6108 (relating to relief). 18 Pa.C.S. § 2709.1(c)(2). The plain language of the statute provides an illustrative list of violations which are crimes of violence. One of those enumerated examples states that a "crime of violence" occurs when there is a violation of an extant PFA order issued under 23 Pa.C.S. § 6108. This language is explicit and free from ambiguity. So under 1 Pa.C.S. § 1921(b) we need look no further than the words of the statute to determine the Legislature's intent. According to the plain language of the statute, a violation of an extant PFA is a crime of violence for the purposes of the stalking statute.

Bortz argues that the *mere* fact that he was the subject of a PFA order should not trigger the heightened grading. He is correct. Bortz does not merit felony grading merely because a PFA order against him existed. Rather, he merits felony grading because he *violated* that order. In his pre-trial motion *in limine*, Bortz admitted to three prior convictions for indirect criminal contempt based on violations of the PFA order obtained by Nester.[3] Motion, 11/10/03, at ¶¶ 9–11. Further, Nester testified at trial regarding these violations and the fact that Bortz made numerous oral, written and physical communications with both her and her granddaughter during the period the PFA was in effect. N.T., 11/12–13/03, at 50–51. Finally, the Superior Court specifically noted that,

3. The Superior Court noted that Bortz's motion *in limine* prevented the evidence of his prior PFA violations from reaching the jury, but held that under *Commonwealth v. Medley*, 725 A.2d 1225, 1229 (Pa.Super.1999), a sentencing court may consider evidence that might not be admitted at trial. Additionally the sentencing court must obtain a criminal history that includes prior convictions which, if valid, are used to calculate a defendant's prior record score for sentencing purposes. *Commonwealth v. Maleno*, 348 Pa.Super. 426, 502 A.2d 617, 619 (1985).

contrary to Bortz's claim, a certified copy of the PFA order was admitted into evidence. *Id.* at 126. Therefore, Bortz's contention that the Commonwealth failed to prove that Nester was both the victim of his civil contempt violation of a PFA order and the victim of his stalking conviction is meritless.

On three occasions, Bortz contacted Nester in violation of the PFA order against him. He was, therefore, in violation of an order issued under 23 Pa.C.S. § 6108. Further, Nester was the victim of both his PFA violation and his stalking violation. The stalking statute clearly reads that a first time offender who was previously convicted of a crime of violence involving the same victim, family, or household member including a violation of an order issued under 23 Pa.C.S. § 6108 will receive third-degree felony gradation. To read the statute in any other manner would fail to give effect to all of its terms.

For the reasons provided herein, we hold that a prior indirect criminal contempt conviction for violation of a PFA order issued under 23 Pa.C.S. § 6108 is grounds for grading a subsequent first conviction for stalking as a felony of the third degree under 19 Pa.C.S. § 2709.1. Accordingly, the order of the Superior Court is affirmed.

Justice CASTILLE, Justice NEWMAN, Justice SAYLOR, EAKIN and BAER and Justice BALDWIN join the opinion.