966 A.2d 1109

**PHILOMENO & SALAMONE, Appellant**

v.

**BOARD OF SUPERVISORS OF UPPER MERION TOWNSHIP and Upper Merion Township, Appellees.**

Supreme Court of Pennsylvania.

Argued March 5, 2008.

Decided March 18, 2009.

Thomas L. Wenger, Esq., Stephen Philip Smith, Esq., Wix, Wenger & Weidner, P.C., Harrisburg, for PA State Ass'n of Tp. Sup'rs, amicus curiae.

Edward J. Hughes, Esq. Hughes, Kalkbrenner & Adshead, L.L.P., Plymouth Meeting, for Philomeno & Salamone, appellant.

Gregory P. DiPippo, Esq., Joseph J. Pizonka, Esq., Pizonka, Reilley, Bello & McGrory, P.C., King of Prussia, for Bd. of Sup'rs of Upper Merion Tp. and Upper Merion Tp., appellees.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD and McCAFFERY, JJ.

## *OPINION*

Justice EAKIN.

On June 5, 2003, appellant, equitable owner of 18.67 acres in Upper Merion Township, Montgomery County, submitted an application to the township's Board of Supervisors to subdivide the property into two parcels, and to further subdivide one of those parcels into 17 residential lots. The Board twice requested extensions of time to make a decision; § 508 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10508, provides a municipality must take action on an application within 90 days of the next meeting of its governing body or planning agency, or such application will be "deemed an approval." [1] Appellant agreed to both extensions; the new deadline for this plan was December 24, 2003.

Prior to that date, appellant filed a distinct conditional use application for the property. This plan reflected suggestions from the Township Planning Commission, and would have allowed development of 28 townhouse units on a 4.89–acre parcel, with a 8.65–acre open space parcel and a 4.38–acre recreational use parcel. On June 23, 2004, the Board denied this conditional use application, a decision the trial court and Commonwealth Court affirmed on appeal.

Six days after denial of the conditional use application, appellant filed an action for mandamus and peremptory judgment, asserting the initial subdivision application should be deemed approved under § 508 because the Board did not act upon it by the December 24 deadline. Mandamus is the appropriate mechanism to obtain recognition of a deemed approval of a proposed land development plan, *see Lehigh Asphalt Paving and Construction Company v. East Penn*

---

1. If the next meeting is over 30 days after filing, the 90–day period begins to run 30 days after filing, giving the body up to 120 days to render a decision. *See* 53 P.S. § 10508.

*Township,* 830 A.2d 1063, 1070 (Pa.Cmwlth.2003), and a peremptory judgment may be entered where no genuine issue of material fact exists and the case is free and clear from doubt. *See id.*; Pa.R.C.P. 1098. The trial court, finding no genuine issue of material fact existed, granted appellant peremptory judgment.

The court determined the conditional use application did not supersede the subdivision application, which was therefore deemed approved under § 508. The court distinguished the two applications, explaining a conditional use "addresses the use of the land, while a subdivision plan addresses how the land is to be developed. A conditional use application seeks approval for new and potential uses for the land that, if granted, would then require a later submitted subdivision plan to be filed." Trial Court Opinion, 3/18/05, at 5; *see also* 2 Robert M. Anderson, Law of Zoning in Pennsylvania § 22.20 (1982) ("While the governing body of a municipality has broad discretion in adopting standards for the approval of subdivision and land development plans, it cannot include provisions relating to the use of land. Regulation of use is a matter appropriate for control through a zoning ordinance.").

Because of this distinction, the trial court found inapplicable cases holding that a revised subdivision application causes the time for decision to run from the filing of the revised plan. *See Wiggs v. Northampton County Hanover Township Board of Supervisors,* 65 Pa.Cmwlth. 112, 441 A.2d 1361, 1363 (1982); *DePaul Realty Company v. Borough of Quakertown,* 15 Pa. Cmwlth. 16, 324 A.2d 832, 835 (1974). The court distinguished cases holding § 508 is inoperative where an applicant creates confusion by submitting two inconsistent plans for the same tract. *See Morris v. Northampton County Hanover Township Board of Supervisors,* 39 Pa.Cmwlth. 466, 395 A.2d 697, 699 (1978). The court also noted *Appeal of David Fiori, Realtor, Inc.,* 55 Pa.Cmwlth. 59, 422 A.2d 1207, 1208 (1980), held two subdivision plans could run simultaneously, and an untimely rejection of the first plan resulted in its being deemed approved. The court expressly noted it did not rely on *Fiori,* as that case involved two subdivision plans, but

found its logic supports the conclusion the law did not preclude simultaneous consideration of a subdivision plan and conditional use application.

The Commonwealth Court reversed, holding that by filing the conditional use application, appellant abandoned the subdivision plan application. *See Philomeno & Salamone v. Board of Supervisors of Upper Merion Township*, 882 A.2d 1044, 1048 (Pa.Cmwlth.2005). Although the court acknowledged the difference between the two types of applications and found each application was made pursuant to separate ordinances, it determined the Board was not required to rule on each application. Emphasizing that the purpose of the mandatory time period under § 508 is to protect an applicant from dilatory conduct of the Board, *see Shelbourne Square Associates, L.P. v. Board of Supervisors of Township of Exeter, Berks County*, 794 A.2d 946, 950 (Pa.Cmwlth.2002), the court found the Board's failure to rule on appellant's subdivision application did not result from such conduct, but rather from the "confusion and protracted proceedings" caused by appellant filing a separate and inconsistent conditional use application. *See Philomeno*, at 1048–49.

 We granted allowance of appeal to determine whether filing a subsequent conditional use application effectively withdraws a pending inconsistent subdivision application for the same tract of land, or whether § 508 of the MPC "deems approved" all applications not acted upon in a timely manner. *See Philomeno & Salamone v. Board of Supervisors of Upper Merion Township*, 588 Pa. 790, 906 A.2d 1197 (2006) (Table). As the rule is codified at 53 P.S. § 10508, this is a question of statutory interpretation, and as such, is a pure question of law. *See e.g., Commonwealth v. Bortz*, 589 Pa. 431, 909 A.2d 1221, 1223 (2006). Questions of law are subject to *de novo* review, and our scope of review is plenary. *Craley v. State Farm Fire and Casualty Company*, 586 Pa. 484, 895 A.2d 530, 539 n. 14 (2006). *Coretsky v. Board of Commissioners of Butler Township*, 520 Pa. 513, 555 A.2d 72, 74 (1989), held § 508's requirements are mandatory, and *Kassouf v. Township of Scott*, 584 Pa. 219, 883 A.2d 463, 471 (2005), upheld *Coretsky's*

finding § 508 is mandatory because the statutory language clearly sets forth the time frame for decisions on land use applications.

Our courts have long permitted landowners to file inconsistent subdivision or land development applications, and they are entitled to action on all applications. *See Fiori*, at 1208; *Bobiak v. Richland Township Planning Commission*, 50 Pa. Cmwlth. 77, 412 A.2d 202, 205 (1980); *Capital Investment Development Corporation v. Jayes*, 30 Pa.Cmwlth. 283, 373 A.2d 785, 788 (1977). Nevertheless, the Board claims submission of a new plan relieved it of the obligation to review the original plan. It cites *Raum v. Board of Supervisors of Tredyffrin Township*, 29 Pa.Cmwlth. 9, 370 A.2d 777 (1977), and *Abarbanel v. Solebury Township*, 132 Pa.Cmwlth. 326, 572 A.2d 862 (1990), regarding good faith requirements in submitting land use proposals, stating § 508 "does not cover every possible interaction between developer and municipality." Appellees' Brief, at 7. The Board then discusses cases where revisions of original land use applications were submitted, which extended the time for decision under § 508. *Id.*, at 7–10 (citing *DePaul, Morris*, and *Wiggs*).

It is clear that revising a land use application extends § 508's 90–day decision period, *see Wiggs*, at 1363; *see also DePaul*, at 835. However, it must be a voluntary revision, and contain substantial changes. *Id.*, at 835 ("The obvious effect of filing the revised plans was to void the original plans and substitute therefor the revised plans."). Appellant's conditional use application was not intended to revise the land use application as it dealt with zoning issues as opposed to the original subdivision application, which addressed land use. *See* 53 P.S. § 10107(a) (" 'Conditional use,' a use permitted in a particular zoning district.... 'Subdivision,' the division or redivision of a lot, tract or parcel of land by any means into two or more lots, tracts, parcels or other divisions of land....").

In *Capital Inv. Dev. Corp.*, two mutually-exclusive subdivision plans were submitted to the township, and when the

township failed to act on either application, the lower court found both plans were deemed approved under § 508, and the developer had the option to pursue either. *Capital Inv. Dev. Corp.*, at 788. In *Bobiak*, where the township never formally acted on a preliminary subdivision plan, and the developers did not seek "deemed approval" for two and a half years after the time period expired, the delay did not abrogate the right to relief under § 508. *Bobiak*, at 204–05. Similarly, in *Fiori*, the developer submitted a land development plan for a shopping center, followed by an alternate proposal for a restaurant on the same site. As the developer did not withdraw his original application, although the township's board of supervisors denied both applications on the same day, "the Board's rejection of [the original] application was untimely and not properly made and communicated under [§ ] 508[,]" *Fiori*, at 1208; thus, it was deemed approved.

Here, the Commonwealth Court did not address *Capital Inv. Dev. Corp.*, *Bobiak*, or *Fiori*, though it did acknowledge that § 508 does not prohibit submitting inconsistent land use applications for the same tract of land. Nevertheless, it found the second application "effectively abandoned the subdivision plan application"; later the court stated the second plan caused "confusion and protracted proceedings" which resulted in the failure to rule on the first plan. *See Philomeno*, at 1048–49. We find no evidence of record supporting either conclusion.

*Wiggs* and *DePaul* hold revisions of previously submitted subdivision plans restart the 90–day approval period, but as noted, we are not dealing with revision of an existing subdivision application. Neither case addresses a conditional use application filed in addition to a subdivision plan. Alternate plans are different from revisions of existing plans, especially when, as here, they are filed under different ordinances and involve different requests. The original plan here was not withdrawn, and the record shows no acts consistent with abandonment save the conditional use application. Offering an alternative plan does not make the original submission disappear.

Likewise, we find no evidence of confusion on the part of the Board, or protracted proceedings beyond the Board's requests for continuances. *Morris* holds an applicant creating confusion by submitting two inconsistent subdivision plans renders § 508's 90–day protection inapplicable. While the Commonwealth Court properly reiterated the differences between subdivision plans and conditional use plans, the court did not explain how appellant's actions confused the Board such that it was exempt from adhering to § 508's mandatory time frame. ·Finding nothing in the record to support this conclusion, we must deem it erroneous.

Because the Board did not act on the initial subdivision plan within the mandatory time period under § 508, the learned trial court correctly deemed it approved. A clear reading of § 508 requires the township to act on land use applications within 90 days, and the Commonwealth Court's order is reversed. Additionally, appellant's Application for Substitution of Legal Owner of the Property Pursuant to Pa.R.A.P. 502(b) is granted.[2]

Order reversed. Jurisdiction relinquished.

Chief Justice CASTILLE, Justices BAER, TODD and McCAFFERY join the opinion.

Justice SAYLOR files a concurring opinion.

Justice SAYLOR, concurring.

Although I support the result obtaining under the majority opinion, I differ with its analysis.

As I understand the majority opinion, it applies a general rule that the filing of alternate and/or inconsistent land devel-

---

**2.** As legal owner of the property, and assignee of the subdivision plan at issue in this appeal, Sabertooth, LLC has been adversely affected in a substantial, immediate, and direct manner. *See Hydropress Environmental Services, Inc. v. Township of Upper Mount Bethel, County of Northampton,* 575 Pa. 479, 836 A.2d 912, 916 (2003). As such, Sabertooth has an interest in this appeal's outcome and is an aggrieved party. *See id.*; Pa.R.A.P. 501 (party aggrieved by appealable order may appeal therefrom); thus, appellant's Application for Substitution of Legal Owner of the Property Pursuant to Pa.R.A.P. 502(b) is granted.

opment applications, simultaneously or serially, does not affect a municipality's statutory obligation to render decisions on all applications, absent some additional evidence of confusion. Under the majority's approach, however, the filing of a revised plan extends the 90–day decision period and, presumably, relieves the municipality of the obligation to pass on the original application in its unrevised form.

One difficulty with this analysis, it seems to me, is that the words "alternate," "inconsistent" and "revised" are not closely defined, and in the context of land development plans, these terms are not necessarily mutually exclusive.[1] Moreover, at least some of the Commonwealth Court decisions suggest that the filing of serial, alternate and/or inconsistent applications itself is enough to support a finding of potential for confusion sufficient to avoid a deemed approval. *See Morris v. Northampton County Hanover Twp. Bd. of Supervisors,* 39 Pa. Cmwlth. 466, 470–72, 395 A.2d 697, 699 (1978) (holding that the filing of serial, inconsistent plans created confusion, and upholding a common pleas court's decision that Section 508's 90–day deemed approval period did not apply).[2]

1. I realize that the majority opinion does not treat Appellant's conditional use application as in the nature of a land development plan and, for the same reason, does not consider such application as a revision to the original subdivision plan. *See, e.g.,* Majority Opinion at 412, 966 A.2d at 1112 ("Appellant's conditional use application was not intended to revise the land use application as it dealt with zoning issues as opposed to the original subdivision application, which addressed land use."). Under the Upper Merion Township Code, however, a conditional use application framed under the cluster development overlay is addressed to the governing body and serves a dual function as a subdivision application. *See* Upper Merion Township Code § 165–73 (explaining that "such applications shall be simultaneously considered as a subdivision and/or land development application"). Thus, the subsequent proposal shared greater fundamental similarities with the original subdivision plan than the majority opinion implies.

2. *Morris* seems to me to be irreconcilable with the Commonwealth Court's later decision in *Appeal of Fiori Realtor, Inc. from Decision of Lower Southampton Twp. Bd. of Supervisors,* 55 Pa.Cmwlth. 59, 422 A.2d 1207 (1980), which enforced a 90–day automatic approval with regard to a plan to develop a shopping center, despite the filing of an intervening, inconsistent proposal to construct a restaurant. *See id.* at 62, 422 A.2d at 1208. It is not clear whether the *Fiori* panel was aware of the *Morris* decision—its reasoning is contained in a single paragraph with no citation to any previous authority.

In my view, it would be useful to supplement the focus on whether plans are "alternative," "inconsistent," or "revised" with a more detailed factual assessment concerning whether, in the prevailing circumstances, there is legitimate potential for confusion and, if so, where the burden to seek or supply clarification should be allocated.[3] The matter of burden allocation is a difficult one. On the one hand, the Legislature's intent via Section 508 to secure streamlined resolution of land development applications seems reasonably clear, suggesting that the burden should be allocated to the local government. On the other hand, the public maintains a strong interest in merits-based decisions assuring orderly land use decisions in implementing legislatively prescribed controls on land development, *see Wistuk v. Lower Mt. Bethel Twp. ZHB*, 592 Pa. 419, 431, 925 A.2d 768, 775 (2007), militating in favor of allocation of the burden to the landowner.[4] Given these substantial interests in tension, I believe the burden should be allocated to the party initiating a new or substantially revised

3. We would not be free to consider such an inquiry, absent a constitutional violation, but for the fact that Section 508 is silent as to the effect of serial applications upon the 90–day approval period. *See* 1 Pa.C.S. § 1921(b) ("When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."). Under Section 508, a key event in calculating the ninety-day period is the filing of "the application," 53 P.S. § 10508, and I believe that the filing of serial applications may render the statute ambiguous in terms of which filing or filings represents "the application" pending for consideration before the governing body. In this regard, I would conclude that the Legislature could not have intended to impose upon municipalities the obligation of having to consider numerous, inconsistent land development applications and render a decision on each individual application within 90 days of filing. *See generally* 1 Pa.C.S. § 1922(1) (setting forth the presumption that the Legislature "does not intend a result that is absurd, impossible of execution or unreasonable").

4. Other state courts have determined that their legislatures did not intend harsh results in providing for deemed approval where there is legitimate confusion or inadvertence. *See, e.g., Manalapan Holding Co. v. Planning Bd. of Hamilton Twp.*, 92 N.J. 466, 457 A.2d 441, 449–50 (1983). Courts, however, also have cautioned against a permissive interpretation or application of the governing statute. *See id.; see also Amerada Hess Corp. v. Burlington County Planning Bd.*, 195 N.J. 616, 951 A.2d 970, 979–982 (2008) (summarizing New Jersey's judicial treatment of deemed approval provisions).

plan.[5] It is also important to note that, in assessing both the potential for confusion and the appropriate allocation of the burden to address it, there may be factual issues that would require an evidentiary hearing and findings.

Here, however, it is undisputed that the alternative or revised plan was offered at the suggestion of the Township.[6] I realize the parties moved forward on the basis of the cluster development plan only, thus creating the potential for confusion on the part of the Township, and a more detailed factual development of the circumstances underlying the landowners' serial proposal would be preferable. However, in light of the Township's concession that the subsequent proposal was at its behest, I believe that the burden to obtain clarification should be allocated to it, and thus, the record is sufficient to support the result directed by the majority.

Finally, I note that the application of deemed approval statutes may raise due process concerns, at least with respect to neighboring landowners who may have a direct interest in the outcome of a land use proceeding, but who have no control over the issuance of the decision necessary to prevent an automatic approval. No such interests, however, are raised in this appeal.

---

**5.** In the case of minor revisions, I do not believe that a new ninety-day period should begin. However, again, the party seeking the revisions should make clear its perspective concerning the substantiality of revisions so that at least all parties are aware of a potential difference and can seek legal advice and apply precautionary measures where appropriate.

**6.** The Township's brief does not provide further detail; according to the landowner's submission, the governing body sought to address open space concerns by requesting the cluster development overlay.